UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLENFORD J. FELIX,

    Petitioner,

v.

JOHN D. ASHCROFT, *et al.*,[1]

    Respondents.

CASE NO. C02-2330-RSL-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION

Petitioner is a native and citizen of Belize. On November 27, 2002, he filed, *pro se*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. #3). He alleges that the Immigration Judge ("IJ") committed legal error in finding he was not eligible for relief in the form

---

[1] Pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, codified at 6 U.S.C. §§ 101, *et seq.*, alien detention, deportation, and removal functions were transferred from the Department of Justice to the Department of Homeland Security ("DHS") on March 1, 2003. 6 U.S.C. § 251 (2002). Within the DHS, the former Immigration and Naturalization Service ("INS") was reorganized into three bureaus serving separate functions. The Bureau of Immigration and Customs Enforcement ("BICE") is now responsible for removals and investigations. Because this case was filed prior to the reorganization, the Court will refer both to the former INS and to the BICE within this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 1

of Cancellation of Removal. (Dkt. #23 at 7). Petitioner further alleges that the Board of Immigration Appeals ("BIA") erroneously denied his counsel the opportunity to file an appeal brief after the time scheduled in the original briefing schedule; made a legal error in summarily affirming the decision of the IJ's decision; and failed to follow the governing regulations when making its decision. (Dkt. #23 at 7-9). Respondents argue that petitioner's allegations of legal and constitutional error are really claims of abuse of discretion, and therefore, are beyond the scope of habeas jurisdiction. (Dkt. #27).

Having reviewed the entire record, I recommend that the Court GRANT petitioner's habeas petition (Dkt. #3 and #23), and DENY respondents' motion to dismiss. (Dkt. #27).

## BACKGROUND

Petitioner is a native and citizen of Belize. (Dkt. #16 at L29, L54). On September 19, 1996, he applied for a United States Immigrant Visa. (Dkt. #54-50). On or about October 2, 1996, he entered the United States at Los Angeles, California, as an immigrant. (Dkt. #16 at L54-50).

On September 3, 1986, he was convicted in Los Angeles, California for the offense of Transport/Sell a Narcotic/Controlled Substance under California Penal Code § 11352. (Dkt. #16 at L7). On August 6, 1999, the then Immigration and Naturalization Service ("INS") issued a Notice to Appear, placing petitioner in removal proceedings and alleging removability under section 237(a)(1)(A) of the Immigration and Nationality Action ("INA") in that at the time of his entry, petitioner was inadmissable by law based on his previous conviction for a violation of the Controlled Substances Act. (Dkt. #16 at L7).

On August 10, 1999, petitioner retained counsel to represent him in Immigration Court. (Dkt. #16 at L15). At petitioner's bond hearing on August 17, 1999, the IJ issued a Custody Order, setting bond at $5,000. (Dkt. #16 at L18). Petitioner posted bond the same day and was released from INS detention. (Dkt. #16 at R36-37). On March 21, 2000, petitioner's counsel withdrew and new counsel was substituted. (Dkt. #16 at L36-35). On August 22, 2000, petitioner's new counsel filed a motion to withdraw as counsel, which the IJ granted on the condition that, until new counsel

REPORT AND RECOMMENDATION
PAGE - 2

enters an appearance, present counsel is responsible for acceptance of service of documents. (Dkt. #16 at L42-45).

On November 6, 2000, the INS filed Additional Charges of Inadmissability/Deportability for violation of INA § 237(a)(1)(A) and 21 212(a)(6)(C)(I) in that at the time of his entry, petitioner was inadmissable for fraud or material misrepresentation; INA § 237(a)(2)(A)(iii) for having been convicted of an aggravated felony; and INA § 237(a)(2)(b)(I) for having been convicted of a controlled substance offense. (Dkt. #16 at L94).

On March 1, 2001, petitioner appeared, *pro se*, at his removal proceedings. (Dkt. #16 at L183-47). At the hearing, the INS again filed Additional Charges of Inadmissability/Deportability alleging that petitioner had been admitted as a visitor for pleasure or business on October 5, 1983 at Houston, Texas, for a period not to exceed six months. (Dkt. #16 at L122). Petitioner stated that he would reserve his right to appeal the new allegation rather than continue the proceedings for 14 days to admit or deny this additional charge. (Dkt. #16 at L176-75).

At the conclusion of the hearing, the IJ found that petitioner is not removable from the United States for having been convicted of an aggravated felony. However, she ordered him removed on the basis of the other charges alleged in the Notice to Appear. In addition, she denied petitioner's application for cancellation of removal, denied his request for voluntary departure, and ordered him removed to Belize. (Dkt. #16 at L124).

On or about March 27, 2001, petitioner filed, *pro se*, an appeal of the IJ's decision to the BIA. (Dkt. #16 at L145). The BIA acknowledged receipt of petitioner's appeal and issued a Notice of Briefing Schedule, stating that petitioner's brief must be received by the Board on or before December 28, 2001. (Dkt. #16 at L261). Petitioner failed to file a brief to the BIA. On January 28, 2002, petitioner filed, through counsel, a Motion and Affidavit for Extension of Time. (Dkt #16 at L266). The BIA denied the motion, noting that a request for an extension of time must be received on or before the brief due date. (Dkt. #16 at L 264).

On September 3, 2002, the BIA affirmed, without opinion, the IJ's decision, pursuant to the

REPORT AND RECOMMENDATION
PAGE - 3

1  BIA's summary affirmance procedures. (Dkt. #16 at L269). Thus, petitioner's order of removal
2  became administratively final on that date.

3  On September 20, 2002, the INS issued a Notice to Deliver Alien, ordering petitioner to report
4  to the INS for deportation on October 8, 2002. (Dkt. #16 at R92). Petitioner reported as required
5  and was taken into custody. (Dkt. #16 at L278, R41).

6  On November 4, 2002, petitioner filed, through counsel, a Motion to Reopen and for
7  Reconsideration and Stay of Deportation with the BIA. (Dkt. #16 at L295, L291, R120-112). On
8  November 5, 2002, the BIA denied petitioner's motion. (Dkt. #16 at L297).

9  On November 27, 2002, petitioner filed, *pro se*, the instant habeas petition pursuant to 28
10 U.S.C. § 2241, along with a motion for appointment of counsel. (Dkt. #3 and #5). On December
11 16, 2002, the Court granted petitioner's motion for appointment of counsel. (Dkt. #7).

12 On December 20, 2002, respondents filed a preliminary return and motion for
13 clarification/specificity. (Dkt. #11). In their motion, respondents requested that petitioner's counsel
14 be ordered to file an amended petition which was more fact specific, as they could not properly
15 respond to the petition that was filed *pro se*. (Dkt. #11 at 4). On January 9, 2003, the Court
16 granted respondents' motion for clarification of the habeas petition, and ordered petitioner to file
17 an amended habeas petition. (Dkt. #17 at 3).

18 On February 14, 2003, petitioner, through counsel, filed an Amended Petition. (Dkt. #23).
19 On March 10, 2003, respondents filed an Amended Return and Motion to Dismiss. (Dkt. #27).
20 Because petitioner's habeas case is one of ten cases[2] filed in this District that challenge the BIA's
21 summary affirmance procedures, this Court granted the parties' requests to hold the case in
22 abeyance, pending the Ninth Circuit's decision on this issue. (Dkt. #40). On February 5, 2004,
23 following the Ninth Circuit's decision in *Falcon-Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir. 2003),

---

[2] Case Nos. C02-1827P, C02-1917P, C02-2330L, C02-2387Z, C02-2196FDB, C03-0002P, C03-0490L, C03-0726L, C03-3143P, and C04-949FDB.

REPORT AND RECOMMENDATION
PAGE - 4

1  this Court issued an Order lifting the abeyance and re-noting the case for consideration. (Dkt. #46).
2  The briefing is now complete and the petition is ready for review.

## DISCUSSION

As noted above, petitioner raises four claims before this Court. He argues that: (1) the IJ violated his statutory and due process rights by refusing to allow petitioner to provide evidence regarding exceptional and extremely unusual hardship in support of his application for cancellation of removal; (2) the BIA violated due process and governing regulations by refusing to permit petitioner to file his brief one month late; (3) the IJ erred in retroactively applying the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") provisions in determining that petitioner was statutorily ineligible for cancellation of removal due to his conviction of a drug offense, which stopped time as to the ten year residency requirement; and (4) the BIA violated due process by issuing a summary affirmance decision. (Dkt. #23). Petitioner essentially asks this Court to declare unconstitutional the IJ's removal order, and remand his case for a determination on his application for relief from removal. (Dkt. #23 at 10).

Respondents argue that this Court lacks jurisdiction to review petitioner's claim that he is eligible for a discretionary cancellation of his removal, that the IJ correctly determined that petitioner is statutorily ineligible for cancellation of removal, and that the BIA lawfully and properly affirmed petitioner's removal order without opinion. (Dkt. #68 at 1-2).

For the following reasons, the Court finds that the BIA improperly employed its summary affirmance procedure in petitioner's case, and therefore the BIA's decision should be vacated and remanded with instructions to clarify the grounds for its affirmance of the IJ's denial of the application for cancellation of removal.

The BIA's "streamlining process" allows a single BIA member to enter an order affirming the result of the IJ's decision without opinion if the result reached by the IJ is correct; and any errors are harmless or nonmaterial; and either the issue on appeal is squarely controlled by BIA or federal court precedent and does not involve application of precedent to a novel fact situation, or the factual

and legal questions raised are so insubstantial that three-member review is not warranted. 8 C.F.R. § 3.1(a)(7), *recodified at* 8 C.F.R. § 1003.1(a)(7). The Board's order cannot contain any reasoning for its summary affirmance. Specifically, the regulation states:

> Affirmance without opinion. (i) The Chairman may designate, from time-to time, permanent Board Members who are authorized, acting alone, to affirm decisions of Immigration Judges and the Service without opinion. The Chairman may designate certain categories of cases as suitable for review pursuant to this paragraph.
>
> (ii) The single Board Member to whom a case is assigned may affirm the decision of the Service or Immigration Judge, without opinion, if the Board Member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>
> > (A) the issue is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or
> >
> > (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.
>
> (iii) If the Board Member determines that the decision should be affirmed without opinion, the Board shall issue an order that reads as follows: 'The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination. See 8 CFR 1003.1(a)(7).' An order affirming without opinion, issued under authority of this provision, *shall not include further explanation or reasoning*. Such an order approves the result reached in the decision below; *it does not necessarily imply approval of all of the reasoning of that decision, but does signify that any errors in the decision of the Immigration Judge or the Service were harmless or nonmaterial*.
>
> (iv) If the Board Member determines that the decision is not appropriate for affirmance without opinion, the case will be assigned to a three-Member panel for review and decision. The panel to which the case is assigned also has the authority to determine that a case should be affirmed without opinion.

8 C.F.R. § 1003.1(a)(7)(i)(ii)(iii) and (iv) (emphasis added).

In *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir. Nov. 24, 2003), the petitioners challenged this "streamlining" procedure both on its face, and as applied to their case. *Falcon Carriche*, 350 F.3d at 848. The Ninth Circuit Court of Appeals joined several other circuits in finding that the procedure itself does not violate an alien's due process rights, but it also determined that it lacked jurisdiction to review the specific decision to streamline petitioners' case because the

REPORT AND RECOMMENDATION
PAGE - 6

claim was based on an alleged error in a discretionary hardship determination that the Court also lacked jurisdiction to review. *Id.* at 848-49. The Court also acknowledged that there may be instances where the procedure could be employed erroneously. The Court explained:

> Given that we have jurisdiction to review non-discretionary decisions by the IJ but lack jurisdiction to review discretionary decisions in the context of cancellation proceedings, a potentially anomalous situation could arise where both discretionary and non-discretionary issues are presented to the BIA and the BIA's streamlining procedure prevents us from discerning the reasons for the BIA's decision. For example, assume that the IJ denies a petition for cancellation of removal on the ground that the petitioner failed to establish hardship. The BIA designates the case for streamlining and a single member affirms the IJ. Although no reason is required, the BIA in fact internally reasons that the petitioner failed to meet the ten-year physical presence requirement, a legal determination that is subject to judicial review. Because no reasoned BIA decision is given, the IJ's decision is controlling and no judicial review is available because the ultimate hardship decision is discretionary. In another troubling scenario, if the petitioner presents new and legitimate arguments to the BIA but is simply met with an "Affirmed without Opinion" decision, the petitioner may also be faced with a jurisdictional default in the court of appeals.

*Id.* at 855 n.10. The Ninth Circuit recently addressed a similar scenario, remanding a streamlined case to the BIA where the IJ had suggested alternative grounds for denying relief, one of which, if selected as the reason for affirmance by the BIA, would have denied an alien's application for asylum as untimely and would have prevented the Court of Appeals from exercising jurisdiction. *Lanza v. Ashcroft*, 389 F.3d 917 (9th Cir. 2004). The Court determined that the BIA's use of the summary affirmance procedure under such circumstances created "potentially anomalous" situations where streamlining "would work a serious deprivation of due process." *Id.* at 919. The Court remanded so that the BIA could indicate whether relief was denied based on untimeliness (which would destroy the Court's jurisdiction) or on the merits of the asylum application (which would allow the Court to exercise discretion and reach the merits of the alien's claim).

In the instant case, petitioner argues that the "streamlining" procedure should not have been used by the BIA because the IJ denied his application for cancellation of removal for both legal and discretionary reasons. (Dkt. #74 at 9-10). The IJ first determined that petitioner was ineligible for cancellation of removal due to his conviction of a drug offense, which stopped time as to the ten-

REPORT AND RECOMMENDATION
PAGE - 7

year residency requirement, and then, as an alternate decision, that petitioner failed to establish that his removal would result in exceptional or extremely unusual hardship to his two year old daughter. (Dkts. #16 at L132-125). This presents exactly the type of problem illustrated by the Court of Appeals above. Because the BIA affirmed without opinion, the Court has no way of knowing on which ground or grounds the BIA affirmed, and in turn whether the Court has jurisdiction to review the BIA's decision. *Lanza*, 389 F.3d at 919. If the BIA affirmed for the former reason, this Court retains jurisdiction to review that decision. *Falcon Carriche*, 350 F.3d at 853. If the BIA affirmed for the latter reason, then this Court lacks jurisdiction to review both the decision to streamline and the underlying discretionary decision by the IJ. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero-Torres v. Ashcroft*, 327 F.3d 887 (9th Cir. 2003). Accordingly, the Court recommends that petitioner's case be remanded to the BIA for further proceedings consistent with this opinion.[3]

## CONCLUSION

Based on the above analysis, I recommend that petitioner's habeas petition (Dkt. #3 and #23) be GRANTED, and respondents' motion to dismiss (Dkt. #27) be DENIED. The decision of the BIA should be vacated and remanded with instructions to clarify the grounds for its affirmance of the IJ's denial of the application for cancellation of removal.

DATED this  12th  day of January, 2005.

s/ Mary Alice Theiler
United States Magistrate Judge

---

[3] Because the Court finds that the BIA's summary affirmance in this case does not allow it to determine whether jurisdiction exists over the merits of petitioner's challenge to the IJ's decision, it will not address petitioner's remaining claims.

REPORT AND RECOMMENDATION
PAGE - 8